Peter T. LITTLEFAIR, Plaintiff–
Appellant,

v.

Sergeant Arne GOSNER, in his indi-
vidual and official capacity; et
al., Defendants–Appellees.

No. 09–35806.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 30, 2010.

Filed Sept. 15, 2010.

George Anthony Kolin, Washougal, WA,
for Plaintiff–Appellant.

Robert William Novasky, II, Melanie
Tonya Stella, Burgess Fitzer, P.S., Taco-
ma, WA, for Defendants–Appellees.

Before: HAWKINS, McKEOWN and
BEA, Circuit Judges.

MEMORANDUM *

Peter Littlefair appeals the district
court's order granting summary judgment
based on qualified immunity in favor of
Sergeant Arne Gosner on Littlefair's
claims brought under 42 U.S.C. § 1983.
We have jurisdiction under 28 U.S.C
§ 1291, and we affirm.

We review de novo the district court's
grant of summary judgment. *Ewing v.
City of Stockton*, 588 F.3d 1218, 1223 (9th
Cir.2009). Viewing the evidence in the
light most favorable to the nonmoving par-
ty and drawing all justifiable inferences in
its favor, we must "determine whether
there are genuine issues of material fact
and whether the district court correctly
applied the relevant substantive law." *Id.*

Where a plaintiff brings a § 1983 claim
alleging false or omitted statements in a
search warrant affidavit, the standard for
qualified immunity is governed by *Franks
v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674,
57 L.Ed.2d 667 (1978). *Liston v. County
of Riverside*, 120 F.3d 965, 972 (9th Cir.
1997). To survive summary judgment for a
claim for judicial deception, a plaintiff
"must make (1) a 'substantial showing' of
deliberate falsehood or reckless disregard
for the truth and (2) establish that, but for
the dishonesty, the challenged action
would not have occurred." *Id.* at 973
(quoting *Hervey v. Estes*, 65 F.3d 784, 788–
89 (9th Cir.1995)). "If a plaintiff satisfies
these requirements, 'the matter should go
to trial.'" *Id.* at 973 (quoting *Hervey*, 65
F.3d at 789).

Littlefair failed to show that Sergeant
Gosner deliberately or recklessly made
false statements or omissions in his affida-
vit that were material to the finding of
probable cause for the search warrant of
Littlefair's property. As the Supreme
Court has noted, "qualified immunity ...
provides ample protection to all but the
plainly incompetent or those who knowing-
ly violate the law." *Malley v. Briggs*, 475
U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d
271 (1986). Sergeant Gosner's conduct
does not rise to this level, and therefore he
is entitled to qualified immunity.

Furthermore, the district court did not
abuse its discretion when it excluded por-

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

tions of Littlefair's declaration. Littlefair did not have personal knowledge to offer such evidence under Federal Rule of Civil Procedure 56(e). Even if the district court did abuse its discretion, the error was harmless given that the excluded evidence was cumulative of other evidence. *See United States v. Hinkson,* 585 F.3d 1247, 1251, 1262 (9th Cir.2009) (en banc).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.